UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAYMOND HENRY, JR. &** ) | |
| **CATHY COCCIOLONI M/S** ) | |
| ) | |
| Plaintiffs ) | Case Number: |
| ) | |
| vs. ) | |
| ) | |
| ) | CIVIL COMPLAINT |
| **PINNACLE ASSET GROUP, LLC** ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Raymond Henry, Jr. & Cathy Coccioloni, m/s, by and through their undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, PC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Raymond Henry, Jr. & Cathy Coccioloni, m/s, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiffs resides in this District.

### III. **PARTIES**

4. Plaintiffs, Raymond Henry, Jr. & Cathy Coccioloni, m/s, (hereafter, Plaintiffs) are adult natural persons residing in Wenonah, New Jersey. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Pinnacle Asset Group, LLC, (hereafter, Defendant), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within but not limited to the State of New Jersey with a primary address located at 3221 Southwestern Blvd., Suite 305, Orchard Park, NY 14127.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. **FACTUAL ALLEGATIONS**

7. Within one (1) year preceding the date of this complaint, the Defendant, in connection with the collection of an alleged debt said to be owed on a Verizon account started to contact the Plaintiffs demanding payment on said account.

8. Plaintiff, Raymond, at that time and currently is deployed overseas.

9. Plaintiff, Raymond has been deployed since 2008.

10. While deployed, Plaintiff, Raymond's mother, Plaintiff, Cathy, serves as his Power of Attorney (POA).

11. In July and August of 2012, Plaintiff, Cathy, started to receive collection calls from Oxford Law looking for payment on the above referenced account.

12. At that time, Plaintiff, Raymond, contacted Verizon, and informed them that he had cancelled this account and that he did not believe that he owed a balance.

13. Plaintiff, Raymond, asked that the calls from Oxford Law stop.

14. Verizon, representative, "Troy", stated that he would notify any collectors that had this account.

15. Despite speaking with Verizon, the collection calls continued.

16. Plaintiff, Cathy, continued to receive collection calls demanding payment be made immediately.

17. During that time, Plaintiff, Cathy, contacted Oxford Law, to inform them that her son had cancelled this account.

18. Oxford Law referred Plaintiff, Cathy, to the Defendant, stating that they now owned this account.

19. Plaintiff, Cathy, immediately placed a call to the Defendant, and spoke with an agent by the name of "Brian Knight".

20. Agent "Knight", was clearly uninterested in anything except insuring that the Plaintiffs make payment on this alleged account.

21. Plaintiff, Cathy, felt intimidated by the agent's threatening tone and demeanor.

22. The natural consequence of "Brian Knight's", actions was to produce an unpleasant and/or hostile situation between the Plaintiff and the Defendant.

23. Plaintiff, Cathy, ended the call.

24. Within the next few days, Plaintiff, Raymond, contacted Defendant's agent, "Brian Knight", personally to try and resolve this issue.

25. Defendant's agent, "Brian Knight", was again confrontational and argumentative on this call.

26. Plaintiff, Raymond, was told that he had an outstanding balance of $680.00 and he needed to pay it in full by the coming Friday.

27. Defendant's agent, "Brian Knight", became threatening and warned Plaintiff, Raymond, that if he failed to make payment on this account he would report him for violations of the "Code of Conduct".

28. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff, Raymond, for non-payment of the debt he allegedly owed.

29. Plaintiff, Raymond, demanded to speak with a supervisor.

30. Plaintiff, Raymond, was transferred to a supervisor by the name of "Allie Days".

31. "Allie Days", quickly offered the Plaintiff the opportunity to settle the account for $300.00.

32. Plaintiff, Raymond, again tried to explain that he has cancelled this account and was in dispute of owing anything.

33. Defendant ended the call.

34. Immediately following this call, Plaintiff, Raymond, placed a call to Verizon, who stated that they could not assist him unless he made a payment on this account.

35. Over the next several months, Defendant continued to place collection calls to Plaintiff, Cathy, demanding payment on this account by her son.

36. Plaintiffs continued to receive calls from the Defendant through November, 2012.

37. At that time, Plaintiffs were informed that the Defendant had now sold the account back to Oxford Law.

38.     The Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt by being threatening and dismissive of the knowledge that the Plaintiffs were disputing the validity of this account.

39.     Defendant at no time sent the Plaintiffs anything in writing in regards to this account.

40.     The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendants unlawful conduct.

41.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

42.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

43.     At all times pertinent hereto, the Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

44.     At all times pertinent hereto, the conduct of the Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

45.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, as well as damage to Plaintiff, Raymond's credit, out-of-pocket expenses, physical, emotional and mental

pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

46. The above paragraphs are hereby incorporated herein by reference.

47. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a õdebtö as defined by 15 U.S.C. § 1692a(5).

48. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot be taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within 5 days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, PC**

**Date:  August 2, 2013**          **BY:  */s/ Bruce K. Warren***
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff
bruce@warren-lawfirm.com